Cheryl L. Kozdrey (State Bar No. 323308)
ckozdrey@sdvlaw.com
SAXE DOERNBERGER & VITA, P.C.
One Better World Circle, Suite 300
Temecula, CA  92590
Ph: (951) 365-3145; Fax: (203) 287-8847

Attorney for Plaintiffs GONSALVES AND SANTUCCI, INC. dba THE CONCO COMPANIES

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONSALVES AND SANTUCCI, INC. DBA THE CONCO COMPANIES,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY, AND HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Defendants. | Case No.:<br><br>**GONSALVES AND SANTUCCI, INC. DBA THE CONCO COMPANIES COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND DECLARATORY JUDGMENT AGAINST DEFENDANTS HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　WHEREFORE, Plaintiff Gonsalves and Santucci, Inc. dba The Conco Companies ("Conco") alleges and avers as follows against Defendants Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "The Hartford").

## THE PARTIES

1. Plaintiff Conco is a corporation formed and existing under the laws of the State of California, with its principal place of business in California.

2. Conco is informed and believes and thereon alleges that Defendant, Hartford Fire Insurance Company is, and at all relevant times was, an insurance company organized under the laws of the State of Connecticut with its principal place of business in Connecticut and is and was at all times mentioned herein qualified to do business in California.

3. Conco is informed and believes and thereon alleges that Defendant, Hartford Casualty Insurance Company is, and at all relevant times was, an insurance company organized under the laws of the State of Indiana with its principal place of business in Connecticut and is and was at all times mentioned herein qualified to do business in California.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the parties because Plaintiff Conco is domiciled in the State of California, and Defendant entities (collectively, The Hartford) are domiciled in the States of Indiana and Connecticut, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000.

5. This dispute arises from The Hartford's breach of an insurance contract that was issued to R&R Maher Construction Company ("R&R") in California which obligates The Hartford to insure R&R's and all other entities R&R agreed to add as additional insured under the policy(ies), including Conco.

6. The dispute concerns The Hartford's unreasonable denial of coverage and withdrawal from its duty to defend Conco in connection with two separate lawsuits that allege claims against Conco for bodily injury caused, in whole or in part, by R&R's work at two construction projects, one in Alamo, California, and the other in Berkeley, California.

7. Consequently, the venue in this district is proper pursuant to 28 U.S.C. 1391(b)(2) as a substantial part of the events and omissions giving rise to the claims that are the subject of this litigation occurred within this judicial district.

## GENERAL ALLEGATIONS

8. Conco's business operations include, among other things, leasing concrete pumping equipment for construction projects throughout California and the Pacific Northwest.

### The Del Toro Action

9. Conco entered an agreement with R&R to lease concrete pumping equipment for use at a construction project located at 3001 Miranda Avenue, Alamo, California (the "Alamo Project").

10. At the time of the events alleged herein, Fransisco Del Toro ("Del Toro") was working at the Alamo Project as an employee of a subcontractor, SIRA Construction.

11. On or about August 8, 2019, Del Toro offered to assist R&R personnel in pouring concrete using the pump leased to R&R by Conco.

12. The concrete pumping equipment was operated by R&R and used under its direction.

13. Del Toro alleges that while he was holding the end of a hose for pumping concrete, he was thrown through the air when the pumping began, resulting in bodily injury.

14. On December 16, 2020, Del Toro filed a lawsuit against Conco in the Superior Court of California, County of Contra Costa, Case No. MSC20-02581, alleging personal injury (the "Del Toro Action").

15. On February 16, 2021, Conco filed a cross-complaint against Roe cross-defendants in connection with the Del Toro Action, asserting causes of action for (1) equitable indemnity, (2) implied contractual indemnity, (3) contractual indemnity, (4) breach of contract, (5) negligence, and (6) declaratory relief.

16. On December 2, 2021, Conco amended its cross-complaint to identify R&R

as the true name of Roe 1, as the bodily injury arose from and was caused by R&R's work.

### The Leyva-Reyes Action

17. Conco entered a separate agreement with R&R to lease concrete pumping equipment for use at a different construction project located at 2020, Bonair Street, Berkeley, California (the "Berkeley Project") (the "Alamo Project" and the "Berkeley Project" shall be referred to collectively as the "Projects").

18. At the time of the events alleged herein, Humberto Leyva-Reyes ("Leyva-Reyes") was working at the Berkeley Project as an R&R employee.

19. On or about June 24, 2020, while operating the concrete pump leased to R&R by Conco, Leyva-Reyes was holding the pump hose when a rocky glob was allegedly discharged through the hose, causing it to move unexpectedly and more forcefully than normal.

20. This movement allegedly knocked Leyva-Reyes off balance, resulting in a fall and an alleged injury.

21. On January 28, 2022, Leyva-Reyes filed a lawsuit against Conco in Superior Court of California, County of Alameda, Case No. 22CV006175, alleging personal injury (the "Leyva-Reyes Action") (the "Del Toro Action" and the "Leyva-Reyes Action" shall be referred to collectively as the "Underlying Actions").

22. On February 7, 2022, Conco filed a cross-complaint against R&R in connection with the Leyva-Reyes Action asserting two causes of action for breach of contract, one cause of action for implied contractual indemnity, one cause of action for declaratory relief.

### The Contract

23. For each project that R&R leased equipment from Conco, it entered into an agreement with Conco pursuant to job tickets (the "Contracts").

24. The Contracts for both Projects provided identical terms under the heading "Terms and Conditions of Contract."

25. The Contracts required R&R to procure "primary non-contributory commercial general liability insurance on an occurrence basis, including bodily injury and property damage coverage with minimum limits of $1,000,000 per occurrence and $2,000,000, in the aggregate."

26. The Contracts also required R&R to procure "excess/umbrella non-contributory insurance in the amount of $5,000,000 and [R&R's] primary and excess/umbrella policies must be endorsed so that they are primary and non-contributory to all of [Conco's] insurance policies[.]"

27. The Contracts required R&R to add Conco as an additional insured on this insurance pursuant to the following language:

28. Lessor and all affiliated partnerships, joint ventures, corporations and anyone else who Lessor is required to name as an additional insured, are to be included as additional insureds on all liability insurance policies, including excess/umbrella policies (ISO Form CG 20 10 10 01 and ISO CG 20 37 10 01 must be used), Lessee shall name Lessor as Loss Payee on all insurance policies, and Lessee shall provide all insurance certificates to Lessor when requested[.]

29. The Contracts establishes the scope of the R&R's responsibilities with respect to the equipment under the following relevant portions of sections four and five of the Contract:

30. 4. OPERATION OF EQUIPMENT – It is expressly agreed by and between the parties hereto that the equipment and all persons operating, repairing, or maintaining the equipment are under the exclusive jurisdiction, supervision and control of Lessee under this lease. It shall be the duty of Lessee to give specific instructions and directions to all persons operating, repairing, and maintaining the leased equipment. Lessee specifically agrees that Lessor has absolutely no control over any persons operating or assisting in operating, repairing, or maintaining the leased equipment.

31. 5. LESSEE'S JOB SITE RESPONSIBILITIES – Lessee to provide a

pumpable concrete mix, in terms of gradation of aggregate and batching of concrete, for the designated placing equipment. Lessee to provide reasonable scheduling of concrete delivery, labor force for set up of system, handling of pumping system while placing, grout for priming system, a suitable place for cleanup of system and pump, a suitable roadway and reasonable accessibility to set up site.

## The Policies

32. R&R procured a primary Commercial General Liability policy from The Hartford, bearing Policy Number 57 UEA QI0429, effective from October 1, 2018 through October 1, 2019, with a $1 million limit of liability per occurrence and $2 million in the aggregate; R&R renewed this policy and its limits of liability through the next consecutive policy period from October 1, 2019 through October 1, 2020 (the "Primary Policies").

33. R&R also procured an Umbrella Liability Policy from The Hartford, bearing Policy Number 57 RHA QI0432, effective from October 1, 2018 through October 1, 2019, with a $5 million limit of liability per occurrence and in the aggregate; R&R renewed this policy and its limits of liability through the next consecutive policy period from October 1, 2019 through October 1, 2020 (the "Umbrella Policies") (the Primary Policies and the Umbrella Policies shall be referred to collectively as the "Policies").

34. The Policies effective October 1, 2018 through October 1, 2019 apply to the Del Toro Action, and the Policies effective October 1, 2019 through October 1, 2020 apply to the Leyva-Reyes Action.

35. The Policies confer Conco with additional insured coverage for its defense and indemnity for liability arising out of, and/or caused in whole or in part by, R&R's operations.

36. Section I of the main coverage form of the Primary Policies provides that The Hartford "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

37. This section also provides that The Hartford "will have the right and duty to defend the insured against any 'suit' seeking those damages."

38. Section II of the main coverage form of the Primary Policies, titled "Who is an Insured," includes subsection 5.b., which sets forth the requirements for the including equipment lessors as additional insureds, as follows:

> 5. Additional Insured When Required By Written Contract, Written Agreement Or Permit
>
> The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury of damage occurs subsequent to the execution of the contract or agreement.
>
> . . .
>
>     b. Lessors Of Equipment
>
>     (1) Any person(s) or organization(s) from whom you lease equipment; but only with respect to their liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your maintenance, operation or use of equipment leased to you by such person(s) or organization(s).
>
>     (2) With respect to the insurance afforded to these additional insureds this insurance does not apply to any "occurrence" which takes place after the equipment lease expires.

39. The Primary Policies contain various other provisions conferring coverage to additional insureds, including Conco.

40. The Umbrella Policies follow the same or substantially similar terms as the Primary Policies, except where they expressly differ.

41. Section I of the Umbrella Policies provides that The Hartford "will pay those sums that the 'insured' becomes legally obligated to pay as 'damages; in excess of the

'underlying insurance' or the 'self-insured retention; when no 'underlying insurance' applies, because of 'bodily injury,' 'property damage' or 'personal advertising injury' to which the insurance applies caused by an 'occurrence'."

42. Section III of the Umbrella Policies titled, "Who is an Insured," includes "[a]ny person or organization with whom you agreed, because of a written contract, written agreement or because of a permit issued by a state or political subdivision, to provide insurance such as is afforded under this policy, but only with respect to your operations, 'your work' or facilities owned or used by you."

## Tender, Defense, Breach

43. Conco promptly tendered the Underlying Actions to The Hartford.

44. The Hartford belatedly accepted Conco's tender of defense by letter for the Del Toro Action and the Leyva-Reyes Action on March 8, 2022, and March 9, 2022, respectively.

45. On June 6, 2023, after purportedly having accepted Conco's defense, The Hartford issued a letter to Conco, improperly demanding that Conco defend and indemnify R&R in the Leyva-Reyes Action.

46. On March 25, 2025, Conco, R&R, The Hartford and the plaintiff in the Leyva-Reyes Action engaged in a mediation.

47. On April 30, 2025, Conco, R&R, The Hartford and the plaintiff in the Del Toro Action, participated in a mediation.

48. To-date, neither of the Underlying Actions have settled, due to The Hartford's unreasonable refusal to settle within its collective policy limits and improper focus on negotiating against its insured (Conco) rather than protecting its interests.

49. Indeed, shortly after the mediations, The Hartford issued letters to Conco's defense counsel in the Underlying Actions dated May 29, 2025, withdrawing its prior acceptance of Conco's defense in both Underlying Actions without any new facts or basis supporting such withdrawal.

50. In addition, The Hartford's withdrawal letters were issued by the claim

adjuster assigned to R&R Maher's defense, despite The Hartford's obligation to avoid conflicts of interest, including by maintaining separate claim adjusters and claim files to manage the defense and coverage issues for its two insureds who are adverse to each other in the same Underlying Actions.

51. Through the course of its defense and, now, improper withdrawal, The Hartford has failed to safeguard Conco's privileged defense and coverage information and has improperly used such information to advance its own interests to the detriment of its insured's (Conco).

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT DUTY TO DEFEND
## DEL TORO ACTION

52. Conco hereby incorporates paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. A dispute has arisen between Conco and The Hartford regarding Conco's right to additional insured coverage and The Hartford's duty to defend Conco under the Policies in connection with the Del Toro Action.

54. An actual case and justiciable controversy exists regarding the parties' rights and obligations under the Policies, including with respect to Conco's defense and additional insured status in connection with the Del Toro Action.

55. A declaratory judgment pursuant to 28 United States Code § 2201 is necessary and appropriate to determine Conco's right to a defense under the subject Policies and The Hartford's correlative obligation to defend Conco as an additional insured thereunder.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT DUTY TO INDEMNIFY
## DEL TORO ACTION

56. Conco hereby incorporates paragraphs 1 through 55, inclusive, as though fully set forth herein.

57. A dispute has arisen between Conco and The Hartford regarding Conco's right to additional insured coverage and The Hartford's duty to indemnify Conco under the Policies in connection with the Del Toro Action.

58. An actual case and justiciable controversy exists regarding the parties' rights and obligations under the Policies issued by The Hartford, including with respect to Conco's indemnity and additional insured status in connection with the Del Toro Action.

59. A declaratory judgment pursuant to 28 United States Code § 2201 is necessary and appropriate to determine Conco's right to indemnity under the subject correlative obligations under the Policies.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT: DUTY TO DEFEND AND INDEMNIFY DEL TORO ACTION

60. Conco hereby incorporates paragraphs 1 through 59, inclusive, as though fully set forth herein.

61. The Policies is a valid enforceable written contracts of insurance which was in full force and effect at all relevant times referenced herein.

62. Conco satisfied all conditions precedent to coverage under the Policies.

63. Pursuant to the terms of the Policies, The Hartford is obligated to defend Conco from bodily injury caused, in whole or in part, by R&R's maintenance, operation or use of equipment leased to it by Conco.

64. The Hartford breached its duty to defend and indemnify under the Policies, including without limitation, by withdrawing Conco's defense and refusing to indemnify Conco in connection with the Del Toro Action arising from the bodily injury caused by R&R's use of the equipment leased to it by Conco.

65. As a result of The Hartford breaching the Policies, Conco has suffered damages and will continue to suffer damages in the future.

66. Conco is, therefore, entitled to an award for an amount equal to the damages that Conco has suffered, and will continue to suffer, as a result of The Hartford's breach.

# FOURTH CAUSE OF ACTION
# BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
# DEL TORO ACTION

67. Conco hereby incorporates paragraphs 1 through 66, inclusive, as through fully set forth herein.

68. The Policies contains an implied covenant of good faith and fair dealing, which requires The Hartford to, among other things, act fairly and protect Conco's interests, and to pay benefits due to Conco without unreasonably withholding or delaying such benefits.

69. The Hartford breached its implied covenant of good faith and fair dealing by denying coverage to Conco unfairly, unreasonably, and with disregard to Conco's rights, and by failing to adequately protect Conco's interests.

70. The Hartford has done so without any legitimate basis in clear defiance of law and the plain language of its Policies.

71. The Hartford has further violated the standards of good faith and fair dealing, including without limitation, in the following ways:

   a. By unreasonably delaying payment of defense costs owed to Conco;

   b. By failing to affirm or deny coverage of claims within a reasonable time in violation of § 790.03(h)(4) of the California Insurance Code (the "Code");

   c. By failing to attempt in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear in violation of § 790.03(h)(5) of the Code;

   d. By requiring Conco to respond to and institute this litigation in order to obtain a fair payment of benefits in violation of § 790.03(h)(6) of the Code;

   e. By engaging in conduct that creates a clear and present conflict of interest between The Hartford and Conco;

   f. By requiring Conco's contribution to any settlement in the Del Toro Action;

   g. By failing to settle the claim promptly in violation of § 790.03(h)(12) of the

Code;

      h.      By demanding Conco defend and indemnify R&R, the named insured on the Policies, while simultaneously defending Conco as an additional insured on the Policies;

      i.      By seeking to recover costs expended to defend R&R from Conco in the cross-complaints filed in the respective Del Toro Action.

72. Conco believes that The Hartford's course of conduct has impacted other claims, other insureds and other insurers, and that discovery will reveal a pattern and practice of bad faith conduct.

73. Conco is informed and believes, and thereon alleges, that The Hartford has breached the duty of good faith and fair dealing by other acts or omissions of which it is presently unaware, but which it will show according to proof at trial.

74. The Hartford's conduct was undertaken by its agents and representatives, who were responsible for claims, supervision, operations, communication, and decisions on behalf of The Hartford, which had advanced knowledge of said actions and conduct, and ratified, authorized, and approved the same.

75. As a direct and proximate result of the aforementioned unreasonable conduct by The Hartford, Conco has suffered, and will continue to suffer, damages in a sum to be determined at trial.

76. As a further proximate result of the aforementioned unreasonable conduct by The Hartford, Conco was compelled to retain legal counsel to obtain the benefits due under the Policies. The Hartford is liable to Conco for those attorneys' fees incurred in order to obtain the benefits under the subject Policies.

77. Moreover, as a proximate result of The Hartford's aforementioned unreasonable conduct, Conco has sustained injury by way of covered claims it had to fund through its own corporate resources in connection with the Del Toro Action, including but not limited to, funding its own defense. The Hartford is liable for reimbursement of such sums paid and for any associated consequential damages.

## **FIFTH CAUSE OF ACTION**

**DECLARATORY JUDGMENT DUTY TO DEFEND**

**LEYVA-REYES ACTION**

78. Conco hereby incorporates paragraphs 1 through 77, inclusive, as though fully set forth herein.

79. A dispute has arisen between Conco and The Hartford regarding Conco's right to additional insured coverage and The Hartford's duty to defend Conco under the Policies in connection with the Leyva-Reyes Action.

80. An actual case and justiciable controversy exists regarding the parties' rights and obligations under the Policies, including with respect to Conco's defense and additional insured status in connection with the Leyva-Reyes Action.

81. A declaratory judgment pursuant to 28 United States Code § 2201 is necessary and appropriate to determine Conco's right to a defense under the subject Policies and The Hartford's correlative obligation to defend Conco as an additional insured thereunder.

**SIXTH CAUSE OF ACTION**

**DECLARATORY JUDGMENT DUTY TO INDEMNIFY**

**LEYVA-REYES ACTION**

82. Conco hereby incorporates paragraphs 1 through 82, inclusive, as though fully set forth herein.

83. A dispute has arisen between Conco and The Hartford regarding Conco's right to additional insured coverage and The Hartford's duty to indemnify Conco under the Policies in connection with the Leyva-Reyes Action.

84. An actual case and justiciable controversy exists regarding the parties' rights and obligations under the Policies issued by The Hartford, including with respect to Conco's indemnity and additional insured status in connection with the Leyva-Reyes Action.

85. A declaratory judgment pursuant to 28 United States Code § 2201 is necessary and appropriate to determine Conco's right to indemnity under the subject

correlative obligations under the Policies.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT: DUTY TO DEFEND AND INDEMNIFY
## LEYVA-REYES ACTION

86. Conco hereby incorporates paragraphs 1 through 85, inclusive, as though fully set forth herein.

87. The Policies is a valid enforceable written contracts of insurance which was in full force and effect at all relevant times referenced herein.

88. Conco satisfied all conditions precedent to coverage under the Policies.

89. Pursuant to the terms of the Policies, The Hartford is obligated to defend Conco from bodily injury caused, in whole or in part, by R&R's maintenance, operation or use of equipment leased to it by Conco.

90. The Hartford breached its duty to defend and indemnify under the Policies, including without limitation, by withdrawing Conco's defense and refusing to indemnify Conco in connection with the Leyva-Reyes Action arising from the bodily injury caused by R&R's use of the equipment leased to it by Conco.

91. As a result of The Hartford breaching the Policies, Conco has suffered damages and will continue to suffer damages in the future.

92. Conco is, therefore, entitled to an award for an amount equal to the damages that Conco has suffered, and will continue to suffer, as a result of The Hartford's breach.

## FOURTH CAUSE OF ACTION
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
## LEYVA-REYES ACTION

93. Conco hereby incorporates paragraphs 1 through 92, inclusive, as through fully set forth herein.

94. The Policies contains an implied covenant of good faith and fair dealing, which requires The Hartford to, among other things, act fairly and protect Conco's interests, and to pay benefits due to Conco without unreasonably withholding or delaying

such benefits.

95. The Hartford breached its implied covenant of good faith and fair dealing by denying coverage to Conco unfairly, unreasonably, and with disregard to Conco's rights, and by failing to adequately protect Conco's interests.

96. The Hartford has done so without any legitimate basis in clear defiance of law and the plain language of its Policies.

97. The Hartford has further violated the standards of good faith and fair dealing, including without limitation, in the following ways:

 j. By unreasonably delaying payment of defense costs owed to Conco;

 k. By failing to affirm or deny coverage of claims within a reasonable time in violation of § 790.03(h)(4) of the California Insurance Code (the "Code");

 l. By failing to attempt in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear in violation of § 790.03(h)(5) of the Code;

 m. By requiring Conco to respond to and institute this litigation in order to obtain a fair payment of benefits in violation of § 790.03(h)(6) of the Code;

 n. By engaging in conduct that creates a clear and present conflict of interest between The Hartford and Conco;

 o. By requiring Conco's contribution to any settlement in the Leyva-Reyes Action;

 p. By failing to settle the claim promptly in violation of § 790.03(h)(12) of the Code;

 q. By demanding Conco defend and indemnify R&R, the named insured on the Policies, while simultaneously defending Conco as an additional insured on the Policies;

 r. By seeking to recover costs expended to defend R&R from Conco in the cross-complaints filed in the respective Leyva-Reyes Action.

98. Conco believes that The Hartford's course of conduct has impacted other claims, other insureds and other insurers, and that discovery will reveal a pattern and

practice of bad faith conduct.

99. Conco is informed and believes, and thereon alleges, that The Hartford has breached the duty of good faith and fair dealing by other acts or omissions of which it is presently unaware, but which it will show according to proof at trial.

100. The Hartford's conduct was undertaken by its agents and representatives, who were responsible for claims, supervision, operations, communication, and decisions on behalf of The Hartford, which had advanced knowledge of said actions and conduct, and ratified, authorized, and approved the same.

101. As a direct and proximate result of the aforementioned unreasonable conduct by The Hartford, Conco has suffered, and will continue to suffer, damages in a sum to be determined at trial.

102. As a further proximate result of the aforementioned unreasonable conduct by The Hartford, Conco was compelled to retain legal counsel to obtain the benefits due under the Policies. The Hartford is liable to Conco for those attorneys' fees incurred in order to obtain the benefits under the subject Policies.

103. Moreover, as a proximate result of The Hartford's aforementioned unreasonable conduct, Conco has sustained injury by way of covered claims it had to fund through its own corporate resources in connection with the Leyva-Reyes Action, including but not limited to, funding its own defense. The Hartford is liable for reimbursement of such sums paid and for any associated consequential damages.

## ON ALL CAUSES OF ACTION

1. For general damages in an amount subject to proof;
2. Pre-judgment and/or post-judgment interest as permitted by law;
3. Attorneys' fees and costs; and
4. Such other legal and equitable relief that this Court deems just and proper.

///

///

## JURY DEMAND

WHEREFORE, Conco hereby demands a trial by jury for all claims herein for which a jury is permitted.

Dated: July 18, 2025

By: *C. Kozdrey*
Cheryl L. Kozdrey
**SAXE DOERNBERGER & VITA, P.C.**
Attorney for GONSALVES
AND SANTUCCI, INC. dba
THE CONCO COMPANIES